IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PROGRESSO PARTNERS, L.L.C. | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-13-CV-921-XR |
| CURTIS DEBERRY, et. al., | § § | |
| *Defendants* | § § § | |

**ORDER**

On this day, the Court considered its jurisdiction over this case. After careful consideration, Plaintiff is ORDERED to show cause in writing that complete diversity of the parties exists.

On October 10, 2013, Plaintiff Progresso Partners L.L.C. filed an Original Complaint in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. It is settled that § 1332 requires complete diversity of the parties. *Stiftung v. Plains Mktg.*, L.P., 603 F. 3d 295, 297 (5th Cir. 2010). The Original Complaint names several individuals, all Texas residents, as the Defendants. Doc. No. 1. Plaintiff, a limited liability company, alleges that it is a Delaware company with a principal place of business in Connecticut. The citizenship of a limited liability company is determined by the citizenship of each one of its members. *Alsobrook v. GMAC Mortgage, L.L.C.*, 12-10623, 2013 WL 3929935 (5th Cir. July 31, 2013). Accordingly, if any member of Progresso Partners L.L.C is a Texas resident, complete diversity will not exist. The Original Complaint does not disclose the citizenship of Plaintiff's

members and the Court therefore has insufficient information to determine whether it has subject matter jurisdiction.

**Accordingly, Plaintiff is ORDERED to show cause in writing that none of its members are citizens of Texas by November 25, 2013.  Failure to do so could lead to the case being dismissed.**

SIGNED this 4th day of November, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE